IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ANGLES M. TORO-OJIO and ERICK VEGA-BONILLA,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA et. al,<br><br>Defendants. | CIVIL NO. 14-1702 (GAG) |

## OPINION AND ORDER

The present action was originally filed by Angeles M. Toro-Ojio ("Plaintiff") and Erick Vega Bonilla in Ponce Superior Court of the Commonwealth of Puerto Rico on July 29, 2014, against the United States, the President of the United States, the Department of Defense, the United States Army Reserve, and Ronnie Molina Rodríguez in his official and personal capacities (collectively referred to as "Defendants"). (See Docket No. 6.) Plaintiff alleges that while she was driving her vehicle on Route 153, Rodríguez negligently hit her car with the National Guard truck that he was driving, thereby causing her injuries. (Docket No. 6-1 ¶¶ 3-6.)

On September 15, 2014, Defendants removed said action to this court. (See Docket No. 1.) Thereafter, Defendants moved to dismiss Plaintiff's complaint in its entirety for lack of subject matter jurisdiction, arguing that the only proper party this action is the United States pursuant to the waiver of sovereign immunity under the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq., and also that the complaint is premature because Plaintiff failed to exhaust her administrative remedies before filing said action. (See Docket No. 7.) Plaintiff failed to respond to Defendants' motion.

**Civil No. 14-1702 (GAG)**

**I.   Discussion**

  A.   Proper Party to the Action

  As a sovereign, the United States is immune from suit unless it waives its immunity by consenting to be sued. See <u>United States v. Mitchell</u>, 436 U.S. 206, 212 (1983). The FTCA provides the mechanism through which individuals can sue the United States for the tortious conduct of its employees. See <u>Roman v. Townsend</u>, 224 F.3d 24, 27 (1st Cir. 2000). "The FTCA waives the sovereign immunity of the United States with respect to tort claims . . . and provides the exclusive remedy to compensate for a federal employee's tortious acts, committed within his or her scope of employment." <u>Id.</u> Therefore, the remedies provided under the FTCA against the United States for negligent suits are exclusive and federal employees are immune from negligence suits for acts or omissions taken within the scope of their employment. See 28 U.S.C. § 2679(b)(1).

  In the present case, Defendants contends that the all of the named defendants other than the United States should be dismissed from this action because the United States is the only proper party defendant to a suit based on torts arising from the negligent acts of its employees that occur within the scope of their employment. (Docket No. 7 at 3-6.) Defendants are correct. Only the United States may be a named defendant in an action such as the present one. See 28 U.S.C. § 2679; <u>McCloskey v. Mueller</u>, 446 F.3d 262, 266 (1st Cir. 2006). Although Plaintiff did not institute this cause of action pursuant to the FTCA, because as the statute provides the exclusive remedy her action and it shields federal agencies and individuals acting within the scope of their employment from liability, Plaintiff's claims against the President of the United States, the Department of Defense, and the United States Army Reserve are hereby **DISMISSED**.

**Civil No. 14-1702 (GAG)**

B.  Exhaustion of Administrative Remedies

The court also agrees with Defendants' argument that this action must be dismissed against the United States because Plaintiff failed to first exhaust her administrative remedies by presenting her claim to the appropriate federal agency.  Defendants attached to their motion to dismiss a sworn statement by Joseph Frattallone, the claims attorney for the Installation Office at Fort Buchanan, Puerto Rico.  (See Docket No. 7-1 at 1.)  In the statement, Frattallone states that he has not received nor does he have any knowledge that any claims by Plaintiff have been filed under the FTCA with his office.  (See id. at 2.)  "An action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a); see Santiago Acevedo-Pérez v. United States, 768 F.3d 51, 55 (1st Cir. 2014).  Therefore, the court finds that Plaintiff has not exhausted her claim as required under 28 U.S.C. § 2675(a) and, hence, she is not permitted to pursue a claim against the United States in this action.  Accordingly, Plaintiff's claim against the United States is hereby **DISMISSED**.

C.  Claim Against Rodríguez

Although the FTCA provides the exclusive remedy to compensate Plaintiff for a federal employee's tortious acts and she indeed alleges that Rodríguez is a federal employee, this rule is limited to negligent acts or omissions committed within of the scope of the employee's employment.  See Roman, 224 F.3d at 27.  An examination of the complaint filed in Commonwealth Court reveals that Plaintiff did not allege that Rodríguez was acting within the

3

**Civil No. 14-1702 (GAG)**

scope of his employment when he hit Plaintiff's car. (See Docket No. 6.) Therefore, on the face of the complaint, Plaintiff could very well have a valid negligence claim against Rodríguez in his individual capacity. As such, the court **REMANDS** this case back to Commonwealth Court for that court to adjudicate the claim to the extent that Plaintiff seeks to recover for Rodríguez's negligence outside the scope of his employment with the National Guard.

**II.   Conclusion**

Accordingly, Plaintiff's claims against the United States, the President of the United States, the Department of Defense, and the United States Army Reserve are dismissed from the present action. To the extent that Plaintiff seeks to recover from Rodríguez for his negligence outside the scope of his employment with the National Guard, the court remands this case back to Commonwealth Court. For those reasons, Defendants' Motion to Dismiss at Docket No. 7 is hereby **GRANTED in part** and **DENIED in part.**

**SO ORDERED.**

In San Juan, Puerto Rico this 18th day of November, 2014.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge